UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| SOCIETY INSURANCE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No. 2:23-CV-194-PPS-JEM |
| ) | |
| BLUE HILL HOSPITALITY, INC. and ) | |
| SAK GROUP, INC., ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

In this insurance coverage dispute, Society Insurance seeks a declaratory judgment that it has no obligation to provide coverage to Defendant Blue Hill Hospitality, Inc., in connection with a trademark infringement and unfair competition lawsuit filed against it by Defendant SAK Group, Inc.[1] [DE 1.] SAK Group has not appeared and defended the lawsuit. In the meantime, Society and Blue Hill have essentially resolved the case. Society Insurance has filed two motions – an Unopposed Motion for Declaratory Judgment as to Defendant Blue Hill Hospitality, Inc. [DE 22], and a Motion for Default Judgment as to Defendant SAK Group, Inc. [DE 19].

Pursuant to 28 U.S.C. § 2201(a), "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration." In order for the Court to issue a declaratory judgment, "there must be a dispute which 'calls, not for an advisory

---

[1] That underlying case is also pending before me. [DE 1-2.] *See* Cause No. 2:23-CV-142-PPS-JPK (filed Apr. 25, 2023).

opinion upon a hypothetical basis, but for an adjudication of present right upon established facts.'" *Wiesmueller v. Nettesheim*, No. 14-C-1384, 2015 WL 3872297, at *2 (E.D. Wis. June 23, 2015) (citing *Ashcroft v. Mattis*, 431 U.S. 171, 172 (1977)).

Society claims that Blue Hill made a request for insurance coverage, including a defense and indemnity, with respect to the SAK lawsuit. [DE 1, ¶ 29.] After filing this action, on June 29, 2023, Society sent a letter to Spiro Yfantis, Blue Hill's President, asking the company to waive service of process. [DE 22-1.] Society states that the companies subsequently agreed that the Society policies [DE 1-3; DE 1-4; DE 1-5; DE 1-6; DE 1-7] do not cover the underlying trademark and unfair competition lawsuit, and therefore Society owes no obligation to defend or indemnify Blue Hill or pay SAK Group for any judgment that may be entered in that case. Reflecting this agreement, Blue Hill has agreed to the filing of a stipulation and proposed declaratory judgment order that will resolve Society's request for declaratory relief. [DE 22-2; DE 22-3.] Blue Hill and Society stipulate and agree that Society has no duty to defend Blue Hill for SAK Group's lawsuit and that Society has no duty to indemnify Blue Hill or pay SAK Group for any judgment or settlement that may be rendered in the underlying lawsuit. [DE 22-2 at 2–3.]

I evaluate the issue of coverage and an insurer's duty to defend by comparing the allegations in the underlying complaint to the relevant provisions of the insurance policy. *Health Care Indus. Liab. Ins. Program v. Momence Meadows Nursing Ctr., Inc.*, 566 F.3d 689, 694 (7th Cir. 2009). "An insurer is obligated to defend its insured if the underlying complaint contains allegations that potentially fall within the scope of

2

coverage." *Id.* In other words, an insurer may refuse to defend only if "it is clear from the face of the underlying complaint that the allegations set forth in the complaint fail to state facts that bring the case within, or potentially within, the coverage of the policy." *Id.*

Having reviewed the policies appended to the complaint [DE 1-3; DE 1-4; DE 1-5; DE 1-6; DE 1-7] and the complaint in the underlying lawsuit [DE 1-2], I accept the parties' stipulation. I will grant Society's request for a declaration that there is no coverage for the underlying lawsuit under the policies, that Society does not owe a duty to defend Blue Hill, and that Society does not owe a duty to indemnify Blue Hill in connection with the underlying case.

Turning to Society's request for default judgment, Federal Rule of Civil Procedure 55(a) governs the entry of default and default judgment. When a defendant fails to answer a complaint or otherwise defend himself, the clerk can make an entry of default. Fed. R. Civ. P. 55(a). "Entry of default must precede an entry of default judgment." *Wolf Lake Terminals, Inc. v. Mut. Marine Ins. Co.*, 433 F.Supp.2d 933, 941 (N.D. Ind. 2005). In this case, Society has not requested that the Clerk enter default, and an entry of default has not been made. "When deciding a motion for entry of default judgment, if there is no entry of default by the clerk, courts can treat motions as requests for both: (1) an order to the clerk to enter the default; and (2) entry of default judgment." *Hall v. Miller's Health Sys., Inc.*, No. 2:12-cv-151, 2012 WL 4713925, at *1 (N.D. Ind. June 12, 2012). *See also Breuer Elec. Mfg. Co. v. Toronado Sys. of Am., Inc.*, 687 F.2d 182, 185 (7th Cir. 1982) (stating default

3

may be entered by the court even though Rule 55(a) discusses entry of default by the clerk). Therefore, I'll consider Society's motion as a petition for entry of default and a default judgment as to SAK Group.

Society seeks "no affirmative relief" from SAK Group, as reflected in the complaint. [DE 1, ¶ 5; DE 19, ¶ 2.] It's been named solely because it is the plaintiff in the underlying lawsuit. Society seeks to bind SAK Group to the judgment entered in this case. Society reached out to an attorney representing SAK Group in the underlying lawsuit, requesting a waiver of service of process and raising the possibility of an agreement to dismiss the company from this case if it agreed to be bound by any judgment entered in this case. [DE 19-1.] But its request went unanswered. On September 22, 2023, Society served process on SAK Group via personal service. [DE 13.] To date, Society has received no response from SAK Group, and SAK Group has failed to appear in this case or file any responsive pleading.

The first question is whether an entry of default is appropriate. Because SAK Group, Inc. has been served with process and has "failed to plead or otherwise defend," and this "failure is shown by affidavit or otherwise," this first step in default proceedings has been satisfied. Fed. R. Civ. P. 55(a). Once the default has been established, Federal Rule of Civil Procedure 55 authorizes a party to seek and a court to enter a default judgment. So long as the allegations are well-pled, a default judgment generally "establishe[s], as a matter of law, that defendants [are] liable to plaintiff as to each cause of action alleged in the complaint." *Dundee Cement Co. v. Howard Pipe &*

4

*Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983) (quotation omitted). *See also e360 Insight v. The Spamhaus Project*, 500 F.3d 594, 602 (7th Cir. 2007).

When a party applies for default judgment under Rule 55(b)(2), I am required to exercise sound judicial discretion in determining whether the judgment should be entered. *Wolf Lake Terminals*, 433 F.Supp.2d at 941. I must consider a number of factors when deciding a motion for default judgment, including "whether there is a material issue of fact, whether the default is largely technical, whether the plaintiffs were substantially prejudiced, and how harsh an effect a default judgment might have." *Wolf Lake Terminals*, 433 F.Supp.2d at 941; *see* Wright & Miller 10A FEDERAL PRAC. & PROC. § 2683 (3d ed.). All well-pleaded facts are taken as true for purposes of liability. *Black v. Lane*, 22 F.3d 1395, 1399 (7th Cir. 1994); *Cameron v. Myers*, 569 F.Supp.2d 762, 764 (N.D. Ind. 2008). Nevertheless, an entry of default judgment is only appropriate if the allegations, along with other evidence submitted, establish a cognizable claim for relief. *Franko v. All About Travel Inc.*, No. 2:09-CV-233 JVB, 2014 WL 2803987, at *1 (N.D. Ind. June 19, 2014) ("Default judgment is appropriate only if the well-pleaded allegations of the complaint are sufficient to establish a legal claim."). "Once the default is established, and thus liability, the plaintiff still must establish his entitlement to the relief he seeks." *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004). In other words, I still have to decide whether damages are appropriate, and in what amount.

In essence, Society seeks a judgment that SAK Group is bound by the declaration I enter in this case as to Society's coverage and indemnification obligations under the

policies. It asserts that as the alleged injured party in the underlying lawsuit, SAK Group is a necessary party to this declaratory relief action. The Declaratory Judgment Act provides a remedy for parties whose contractual obligations are in question. *Emps. Mut. Cas. Co. v. Witham Sales & Serv., Inc.*, 2009 WL 4281457, at *5 (N.D. Ind. Nov. 23, 2009) (citing *McGrath v. Everest National Ins. Co.*, 2009 WL 2508216, *2 (N.D. Ind. Aug.13, 2009)). "A declaratory judgment action, by its very nature, is an adversarial process, and if a party is found to be necessary, he should be given an opportunity to defend his interests in the matter and be bound by the court's determination." *Id.* (collecting cases).

In *Employers Mutual*, Judge Rodovich observed that a majority of courts have held that "the injured party [in underlying litigation] is a necessary party to a declaratory judgment action brought by the insurer against the insured when the insurer's motion seeks to determine policy coverage, not merely a duty to defend." *Id.* (internal citations omitted). The reasons for this are threefold: (1) courts presume that the insured defendant will not adequately protect the injured party's interests; (2) when the insurer seeks a declaration about policy coverage, there is the potential to eliminate a source of funds to compensate the injured party without any input from the injured party; and (3) if the injured party is not joined, it will not be bound by the court's declaration, resulting in the relitigation of the same issues. *Id.* at *6. SAK Group is a necessary party that would be entitled to appear and defend against Society's pleading. Society filed this action against SAK Group to bind it to the declaration entered in the case and effected service of process. But SAK Group has failed to appear and challenge the pleading. As

6

explained above, Society has established its entitlement to the declaration it seeks. Therefore, default judgment will be entered against SAK Group, and it will be bound to the declaration entered in this case.

**ACCORDINGLY:**

(1) For the reasons explained in this Opinion and Order, Plaintiff Society Insurance's Unopposed Motion for Declaratory Judgment [DE 22] pursuant to 28 U.S.C. § 2201(a) is **GRANTED**. The Clerk is **DIRECTED** to enter judgment in favor of Plaintiff Society Insurance and against Defendant Blue Hill Hospitality, Inc., without costs to any party, as follows:

Society Insurance issued to Blue Hill Hospitality, Inc. the following insurance policies: BP18027741-0 (policy period August 3, 2018 to August 3, 2019); BP18027741-1 (policy period August 3, 2019 to August 3, 2020); BP18027741-2 (policy period August 3, 2020 to August 3, 2021; BP18027741-3 (policy period August 3, 2021 to August 3, 2022); and BP18027741-4 (policy period August 3, 2022 to August 3, 2023). There is no insurance coverage under the insurance policies issued by Society Insurance to Blue Hill Hospitality Group, Inc. for the lawsuit *SAK Group, Inc. v. Blue Hill Hospitality, Inc.*, filed in the United States District Court for the Northern District of Indiana, Hammond Division, under Cause No. 2:23-CV-142-PPS-JPK ("SAK Lawsuit"). Society Insurance has no duty to defend Blue Hill in the SAK Lawsuit. Society has no duty to indemnify Blue Hill or to pay SAK Group, Inc. for any settlement or judgment in the SAK Lawsuit.

(2) Plaintiff Society Insurance's Motion for Default Judgment as to SAK Group, Inc. [DE 19] is **GRANTED**. The Clerk is **DIRECTED** to enter default against Defendant SAK Group, Inc., and to enter a final judgment in favor of Society Insurance against SAK Group, Inc. that SAK Group, Inc. is bound to the declaratory judgment entered in this case.

(3) The Clerk is **DIRECTED** to administratively close this case.

**SO ORDERED**.

ENTERED: February 5, 2024.

                                         /s/ Philip P. Simon
                                         PHILIP P. SIMON, JUDGE
                                         UNITED STATES DISTRICT COURT